1 | JOSEPH T. MCNALLY
Acting United States Attorney
2 | LINDSEY GREER DOTSON
Assistant United States Attorney
3 | Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
4 | JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorneys
5 | Violent and Organized Crime Section
    1300 United States Courthouse
6 |     312 North Spring Street
    Los Angeles, California 90012
7 |     Telephone: (213) 894-6495/5046
    Facsimile: (213) 894-0141
8 |     E-mail:    kevin.butler2@usdoj.gov
                jena.maccabe@usdoj.gov
9 |
Attorneys for Plaintiff
10 | UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

**3/17/2025**

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____MMC_____ **DEPUTY**

11 |                UNITED STATES DISTRICT COURT

12 |            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 | UNITED STATES OF AMERICA,

No. 2:25-MJ-01494-DUTY

14 |          Plaintiff,

GOVERNMENT'S *EX PARTE* APPLICATION
FOR ORDER SEALING DOCUMENTS;
15 |            v.

MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF KEVIN
16 | EUGENE HENLEY, JR., et al.,

J. BUTLER

17 |          Defendants.

**(UNDER SEAL)**

18 |

19 |      The government hereby applies <u>ex parte</u> for an order directing

20 | that the complaint, arrest warrants, search warrants, and all

21 | attachments thereto, the application for the complaint, arrest

22 | warrants, search warrants, and all attachments thereto, as well as

23 | this <u>ex parte</u> application, the memorandum of points and authorities,

24 | the declaration of Kevin J. Butler, and this Court's sealing order,

25 | and all documents subsequently filed under this same case number

26 | until such time as any defendant in this case is arrested, at which

27 | time the documents will be deemed automatically unsealed, or until

28 | the government determines that these materials are subject to its

1  discovery obligations in connection with criminal proceedings, at

2  which time they may be produced to defense counsel.

3       This ex parte application is based on the attached memorandum of

4  points and authorities, declaration of KEVIN J. BUTLER, and the

5  records and files in this case, including the application for the

6  complaint, arrest warrants, search warrants, and attachments thereto.

7   Dated: March 17, 2025              Respectfully submitted,

8                                      JOSEPH T. MCNALLY
                                       Acting United States Attorney
9
                                       LINDSEY GREER DOTSON
10                                     Assistant United States Attorney
                                       Chief, Criminal Division
11

12                                      /s/
                                       KEVIN J. BUTLER
13                                     JENA A. MACCABE
                                       Assistant United States Attorneys
14
                                       Attorneys for Plaintiff
15                                     UNITED STATES OF AMERICA

16

17

18

19

20

21

22

23

24

25

26

27

28

1                           MEMORANDUM OF POINTS AND AUTHORITIES

2      The government requests that this Court seal the complaint,

3 arrest warrants, search warrants, and all attachments thereto, as

4 well as this ex parte application and all supporting documents, to

5 maintain the integrity of its investigation.  Approval from this

6 Court to seal these documents is required under Local Rule 79-5.1.

7 The Court of Appeals for the Ninth Circuit has held that district

8 courts have the inherent power to seal affidavits in support of

9 warrants.  In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir.

10 1979) (per curiam) (holding that even aside from Federal Rule of

11 Criminal Procedure 41 "courts have inherent power, as an incident of

12 their constitutional function, to control papers filed with the

13 courts within certain constitutional and other limitations"); see

14 also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778, 779-

15 80 (9th Cir. 1982) (citing Agosto).

16      The Court of Appeals for the Seventh Circuit has rejected the

17 proposition that pre-indictment disclosure of an arrest warrant

18 affidavit is required under either constitutional principles or

19 Federal Rule of Criminal Procedure 41.  In re EyeCare Physicians of

20 America, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh

21 Circuit held:

22        By the very nature of a secret criminal investigation of
       this type, the target of an investigation more often than

23        not remains unaware of the specific grounds upon which a
       warrant was issued.  If preindictment disclosure of sealed

24        warrant affidavits was required to satisfy due process
       (assuming there had been a predicate deprivation of life,

25        liberty or property), the hands of law enforcement would
       be needlessly tied and investigations of criminal activity

26        would be made unduly difficult if not impossible.

27 Id. at 517.  Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247

28 (5th Cir. 1997).

1    Here, for the reasons described in the attached declaration,

2   sealing is necessary to maintain the integrity of the government's

3   investigation.  Accordingly, the government requests that the

4   documents described in the attached declaration be kept under seal

5   until such time as any defendant in this case is arrested, at which

6   time the documents will be deemed automatically unsealed, or until

7   the government determines that these materials are subject to its

8   discovery obligations in connection with criminal proceedings, at

9   which time they may be produced to defense counsel.  The government

10  also requests that the Court's order not limit its ability to provide

11  copies of the arrest and search warrants at the time the warrants are

12  executed and otherwise comply with the Federal Rules of Criminal

13  Procedure.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF KEVIN J. BUTLER**

I, KEVIN J. BUTLER, declare as follows:

1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.  I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of complaint, arrest warrants, and search warrants.

2.    The complaint, arrest warrants, and search warrants in this case have not yet been executed.  The likelihood of apprehending defendants would be diminished if the affidavit in support of the complaint, arrest warrants, and search warrants in this case were made publicly available before the warrants were executed.

3.    Public disclosure of the complaint, arrest warrants, and search warrants or the information in the application could cause defendants to flee or seriously jeopardize other aspects of the investigation, which is ongoing, and may result in the destruction of or tampering with evidence.

4.    Accordingly, the government requests that the complaint, arrest warrants, search warrants, and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, this declaration, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as any defendant in this case is arrested, at which time the documents will be deemed automatically unsealed, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel.  The government also requests that the Court's order not limit its ability to provide

1

1   copies of the warrants at the time the warrants are executed, as

2   required by Federal Rule of Criminal Procedure 41(f).

3        5.    I declare under penalty of perjury under the laws of the

4   United States of America that the foregoing is true and correct and

5   that this declaration is executed at Los Angeles, California, on

6   March 17, 2025.

7                                    _____/s/_____
                                     KEVIN J. BUTLER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2